Thomas G. Mackey (SBN 174572)
mackeyt@jacksonlewis.com
Ariana Sanudo (SBN 324361)
ariana.sanudo@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE SAINT HUBERT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EQUINOX HOLDINGS, INC., a Foreign Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1132 AND 1441(b) (DIVERSITY JURISDICTION)**<br><br>Complaint Filed: November 19, 2020 |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

1.     PLEASE TAKE NOTICE that Defendant EQUINOX HOLDINGS, INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(b), and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles.

2.     On November 19, 2020, Plaintiff Marjorie Saint Hubert ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled *MARJORIE SAINT HUBERT vs. EQUINOX*

*HOLDINGS, INC. and DOES 1 to 25*, Case No.20STCV44484, setting forth the following eight (8) causes of action:   (1) Discrimination Based on Sex in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Discrimination Based on Disability in Violation of the FEHA; (3) Failure to Provide a Reasonable Accommodation in Violation of the FEHA; (4) Failure to Engage in an Interactive Process in Violation of the FEHA; (5) Retaliation in Violation of the FEHA (Gov. Code § 12940(h)); (6) Retaliation in Violation of the FEHA (Gov. Code § 12940(m)(2)); (7) Failure to Prevent Discrimination in Violation of the FEHA; and (8) Constructive Discharge in Violation of Public Policy ("Complaint").

3.     Defendant first received Plaintiff's Summons and Complaint and related court documents via service on November 24, 2020.  A copy of the Summons and Complaint received by Defendant is attached as Exhibit "A."

4.     On December 21, 2020 Defendant filed and served its Answer in the Los Angeles County Superior Court.  A true and correct copy of Defendant's Answer is attached as Exhibit "B."

5.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court.  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## DIVERSITY JURISDICTION

6.     Defendant hereby properly removes the Complaint on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 on the following grounds:

a.     Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).  (*See* Exhibit A ¶ 1.)

b.     Defendant was, at the time of filing of the Complaint, and still is, a citizen of the State of Delaware within the meaning of 28 U.S.C. § 1332(c)(1), because it now is and was at all times incorporated under the laws of that state. (*See id*. ¶ 2.)

c.     Defendant also was, at the time of filing of the Complaint, and still is,

a citizen of the State of New York within the meaning of 28 U.S.C. § 1332(c)(1), because its principal place of business is in the State of New York.

d. The presence of Doe defendants has no bearing on the diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

# I. **AMOUNT IN CONTROVERSY**

7. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth in Plaintiff's Complaint may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

8. Without conceding Plaintiff will prevail on her claims (which Defendant expressly denies), the amount in controversy in this action exceeds $75,000.00. 28 U.S.C. § 1332(a). Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).

9. Plaintiff's causes of action for discrimination, retaliation, failure to prevent discrimination, failure to accommodate his alleged disability and failure to engage in an interactive process can each independently satisfy the jurisdictional amount in controversy

requirement.  Under the California Fair Employment and Housing Act, which governs these claims, Plaintiff may recover lost earnings, non-economic damages such as emotional distress, punitive damages, and reasonable attorneys' fees and costs as a prevailing party. Govt. Code § 12965.

10.     Plaintiff alleges that, at the time of Plaintiff's resignation from employment in September 2019, she was employed by Defendant as a Membership Advisor. (*See* Exhibit A ¶ 16.)  Plaintiff's compensation was variable as she was paid partially on a commission basis; however, her compensation for the 12-month period preceding her resignation was in excess of $42,000.  Thus, from the date of Plaintiff's resignation on September 9, 2019 to the date she filed this lawsuit on November 19, 2020, Plaintiff will claim approximately fourteen months' lost earnings, or $49,000.  Furthermore, any judgment in this case likely will not be rendered until at least 2021.  If successful, Plaintiff may seek at least two years of lost earnings, or approximately $84,000, in backpay alone. Thus, if Plaintiff prevails on her claims for relief under the Fair Employment and Housing Act (which Equinox maintains she should not), without even taking claims for future economic damages, or front pay, into account, she would seek to recover at least nearly twice the jurisdictional minimum amount in controversy.  Plaintiff is also likely to claim two years of future earnings (front pay), for an additional approximately $84,000 in alleged economic damages.

11.     Plaintiff also seeks to recover damages for alleged emotional distress she sustained in connection with her employment and/or alleged constructive termination. Because emotional distress damages can amount to fifty percent (50%) or more of an employment plaintiff's annual earnings, Plaintiff may recover, at a low end, $21,000 for emotional distress damages if she prevails in this matter.

12.     Thus, without even taking attorneys' fees and costs or punitive damages— both of which Plaintiff seeks in her Complaint (*see* Exhibit A, Prayer for Relief, ¶¶ 4, 5)— into account, Plaintiff's possible recovery under the facts as alleged in her Complaint more than satisfies the jurisdictional prerequisite for the amount in controversy.  It cannot be said

with legal certainty that Plaintiff would *not* be entitled to recover the jurisdictional amount (though Defendant maintains that she is not). *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship,* 20 F.3d 383, 386-87 (10th Cir. 1994). Therefore, the alleged claims in Plaintiff's Complaint demonstrate that the amount in controversy exceeds the requirements under 28 U.S.C. §1332(a).

## II.   <u>REMOVAL JURISDICTION</u>

13.   This Notice of Removal is filed within thirty (30) days after Defendant was served with a copy of the Summons and Complaint in this case, pursuant to California Civil Code sect. 415.30, and within one year after the state court action was filed.

14.   Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§1391(a) and 1441(b), because the state court action was filed in this District and this is the judicial district in which the action arose.

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of the State of California, County of Los Angeles, be removed to this Court.

Dated:  December 22, 2020                    JACKSON LEWIS P.C.


By:      /s/Thomas G. Mackey
         Thomas G. Mackey
         Ariana Sanudo

         Attorneys for Defendant
         EQUINOX HOLDINGS, INC.

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 11/19/2020 02:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

Case 2:20-cv-11559-RGK-JEM   Document 1-1   Filed 12/22/20   Page 7 of 40   Page ID #:7

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maureen Duffy-Lewis

THE LAW OFFICE OF OMID NOSRATI
Omid Nosrati, Esq. (SBN 216350)
Shahran Kangavari, Esq. (SBN 322639)
1801 Century Park East, Suite 840
Los Angeles, California 90067
Telephone: (310) 553-5630
Facsimile: (310) 553-5691
Email: omid@nosratilaw.com
Email: shahran@nosratilaw.com

Attorneys for Plaintiff,
MARJORIE SAINT HUBERT

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

## CENTRAL DISTRICT, UNLIMITED JURISDICTION

| | |
|---|---|
| MARJORIE SAINT HUBERT, an individual; | Case No.   20STCV44484 |
| Plaintiff, | COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES |
| vs. | |
| EQUINOX HOLDINGS, INC., a Foreign Corporation, and DOES 1 through 25, inclusive; | 1. Discrimination Based on Sex in Violation of the Fair Employment and Housing Act ("FEHA") [Cal. Gov't Code §12940(a)] |
| Defendants. | 2. Discrimination Based on Disability in Violation of the Fair Employment and Housing Act ("FEHA") [Gov't Code §12940(a)] |
| | 3. Failure to Provide a Reasonable Accommodation in Violation of the FEHA [Cal. Gov't Code §12940(m)] |
| | 4. Failure to Engage in an Interactive Process in violation of the FEHA [Cal. Gov't Code §12940(n)] |
| | 5. Retaliation in Violation of the FEHA [Cal. Gov't Code §12940(h)] |
| | 6. Retaliation in Violation of the FEHA [Cal. Gov't Code §12940(m)(2)]] |
| | 7. Failure to Prevent Discrimination in Violation of the FEHA [Cal. Gov't Code §12940(k)] |
| | 8. Constructive Discharge in Violation of Public Policy |
| | DEMAND FOR JURY TRIAL |

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

# I.

## GENERAL ALLEGATIONS

1.     At all times relevant for purposes of this Complaint, Plaintiff, MARJORIE SAINT HUBERT ("Plaintiff"), has been a resident of the State of California.

2.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendant, EQUINOX HOLDINGS, INC. ("Equinox") was and is a Delaware Corporation doing business in the State of California.

3.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 25, inclusive, and therefore sues Defendants by such fictitious names.  Defendants DOES 1 through 25, at all times relevant for purposes of this Complaint, were employees, agents, officers and/or members of the board of directors of Defendants.  Plaintiff will amend this Complaint to allege the true names and capacities of the Defendants designated herein as DOES 1 through 25, inclusive, when they have been ascertained.

4.     Plaintiff is informed and believes, and on that basis alleges, that Defendants designated herein as DOES 1 through 25, inclusive, are responsible in some manner for the acts, events, and occurrences alleged herein and caused or contributed to the damages sustained by Plaintiff.

5.     Plaintiff is informed and believes, and on that basis alleges, that at all times relevant for purposes of this Complaint, the Defendants designated herein as DOES 1 through 25, inclusive, acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendants and such fictitiously-named Defendants.  Each of them, while acting in the course and scope of their agency, employment, corporate capacities, and partnership, performed the acts and conduct hereinafter alleged, and said acts and conduct were ratified and approved by each Defendant.

6.     Defendants are an "employer" as defined by California Government Code Sections 12926(d), 12940(a), 12940(h), and 12940(j)(4)(A) and were Plaintiff's joint employer.

# II.

## JURISDICTION

7.     Equinox and/or DOES 1 through 25 are subject to suit under the California Fair Employment and Housing Act ("FEHA") as they regularly employ five or more persons in the State

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

of California. [Gov't Code § 12926(d).]  FEHA prohibits discrimination, harassment, and retaliation on the basis of disability, race, sex, color, national origin, ancestry, and age, among other acts, by an employer against an employee.

8.     Plaintiff has exhausted all administrative remedies necessary and has timely brought this action.  (Plaintiff's DFEH Complaint and Right to Sue Notice is attached as Exhibit 1).

9.     This Court has jurisdiction to hear both statutory and common law claims against Defendant and DOES 1 through 25.

**III.**

**FACTS COMMON TO ALL CAUSES OF ACTION**

10.    At all relevant times, Plaintiff was an employee of Equinox from on or about December 6, 2017, until her constructive termination on or about September 9, 2019.

11.    Plaintiff's first position at Equinox was Front Desk Associate.

12.    On or about April 5, 2018, Plaintiff spoke with her General Manger, Rachel Weaver, about her ambitions to work her way up to a managerial position.  Ms. Weaver stated that the best way to accomplish Plaintiff's goals was to have her become a Membership Advisor and that Plaintiff would stay in that role for around three months.  Ms. Weaver directed Plaintiff to email Victor Frist ("Mr. Frist"), the Regional Sales Manager at Equinox, to apply for the Membership Advisor position.

13.    On or about May 6, 2018, Plaintiff met with Ariga Aghajani ("Mr. Aghajani"), the Regional Sales Manager, to discuss the Membership Advisor position and possible openings.

14.    On or about May 25, 2018, Plaintiff was interviewed by Paul Torrao, the General Manager, for the Membership Advisor position.

15.    On or about June 9, 2018, Plaintiff attended a meeting with Nathan Cook ("Mr. Cook"), the Regional Director at Equinox, and Plaintiff was offered the Membership Advisor position.

16.    In July 2018, Plaintiff participated in training for the Membership Advisor position, and she began working as a Membership Advisor on or about July 16, 2018.

17.    On or about July 20, 2018, however, Plaintiff began suffering from vision loss and nausea while at work.

18.    As a result of her medical complications, Plaintiff was hospitalized several times, and

on or about July 25, 2018, Plaintiff was diagnosed with Multiple Sclerosis.

19.     From in or around July 2018 to in or around September 2018, Plaintiff was on a medical leave of absence from work due to her Multiple Sclerosis diagnosis.

20.     On or about October 2, 2018, Plaintiff returned to work at the Equinox facility located in Encino, California.  On the same date, Plaintiff informed Mr. Cook and Mr. Aghajani about her Multiple Sclerosis diagnosis, and she stated that she needs to start a family soon because of her medical condition.

21.     Despite the medical challenges she faced, Plaintiff was determined to continue working hard and to achieve her goal of being promoted to a managerial position, as well as starting a family. Plaintiff met her sales goals for October and November 2018.

22.     However, following the disclosure of Plaintiff's diagnosis and her intent to conceive a child, Plaintiff began experiencing harassment, discrimination, and retaliation.

23.     In or around December 2018, Monique Pensanti, a General Manager at Equinox, and Camille Chiodo, a Membership Advisor, informed Plaintiff that the management team at one of Equinox's fitness clubs was waiting to fire a Membership Adviser because the Membership Adviser was pregnant. Shortly after, discriminatory comments were directed at her.

24.     On or about December 19, 2018, Plaintiff met with Mr. Frist to discuss her progress at work.  Mr. Frist informed Plaintiff that he was aware that Plaintiff and her husband were attempting to conceive a child.   Mr. Frist told Plaintiff to wait, freeze her eggs, or hire a surrogate to carry a child for Plaintiff.  Plaintiff is informed and believes that Mr. Frist knew of Plaintiff's ambitions to rise in the ranks at Equinox and receive a promotion to a managerial position, and the message from Mr. Frist appeared to be that Plaintiff had to make a choice between her career or starting a family.

25.     In or around January 2019, Plaintiff became pregnant, and she notified Equinox of her pregnancy.  In response to Plaintiff's pregnancy, Mr. Cook asked Plaintiff, "is this a good thing?" or words to that effect.

26.     Unfortunately, in or around February 2019, Plaintiff suffered a miscarriage and she experienced depression.  Management at Equinox observed Plaintiff crying on numerous occasions and knew that Plaintiff had suffered a miscarriage.  However, Equinox did not engage in an interactive

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

process with her or offer a reasonable accommodation, including any time off or a leave of absence from work. To the contrary, Plaintiff started to get "managed out."

27. Plaintiff is informed and believes that Defendant uses a strategy of "managing out" employees. Under this strategy, when Defendant wanted to "manage out" certain employees, it would assign the employees more work than they could handle, change their schedules, assign tasks that could not be completed in the assigned deadline, all with the intent of providing a paper trail to support the employees' eventual termination. This strategy also included issuing unfounded write-ups and suspensions to "manage out" employees, such as Plaintiff, who are experiencing health issues.

28. On or about June 3, 2019, Mr. Cook and Chris Welbaum ("Mr. Welbaum"), the General Manager of Equinox, attempted to issue a write up to Plaintiff for allegedly "stealing a lead" and because her husband had visited Plaintiff at work the previous month while she was on her lunch break. This write up was retaliatory and a pretext for discriminating against her due to her medical condition and pregnancy.

29. On or about June 13, 2019, Plaintiff learned that she was pregnant again, and she informed Kris Vangelisti, the Sales Manager at Equinox, of her pregnancy.

30. In or around June 2019, Plaintiff complained to Human Resources about discrimination by Equinox. She complained that she was experiencing differential treatment. Afterwards, Plaintiff also made a complaint directly to Mr. Welbaum.

31. On or about July 22, 2019, Plaintiff suffered a second miscarriage. She notified Mr. Aghajani and Maureen Rounds about her miscarriage. However, once again, Equinox did not offer Plaintiff any time off or a leave of absence from work.

32. On or about September 2, 2019, Plaintiff attempted to speak with Mr. Cook again about being promoted.

33. On or about September 2, 2019, Defendant falsely accused Plaintiff of committing fraud, and Plaintiff was suspended for three days. This suspension was a pretext for discriminating and retaliating against her due to her medical condition and pregnancy. Defendant suspended Plaintiff in order to "manage her out."

34. On or about September 9, 2019, Plaintiff felt forced to resign from her position due to

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

– 5 –

1   the intolerable working conditions at Equinox.

**IV.**

**FIRST CAUSE OF ACTION FOR DISCRIMINATION BASED ON SEX IN VIOLATION**

**OF THE FEHA [Cal. Gov't Code §12940(a)]**

(Plaintiff against All Defendants, and DOES 1 through 25, inclusive)

35.   Plaintiff alleges and incorporates herein by reference Paragraphs 1 through 34 above, as though fully set forth in this cause of action.

36.   At all times relevant for purposes of this Complaint, the California Fair Employment and Housing Act ("FEHA") was in full force and effect and binding on Defendants.   Under *Government Code* section 12940(a), the FEHA makes it unlawful for an employer, on the basis of sex, "to discharge the person from employment" or "to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

37.   Plaintiff was treated differently in compensation, terms, conditions, and privileges of employment based on her sex/pregnancy.

38.   During her employment, Defendants subjected Plaintiff to unlawful conduct, as alleged herein above.

39.   Plaintiff's superiors made discriminatory comments to Plaintiff based on her sex/pregnancy.

40.   Moreover, during Plaintiff's employment, Plaintiff was performing competently in the position she held.

41.   As a proximate result of Defendant's conduct, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

42.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and

emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial

43.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965 (b).

44.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

**V.**

**SECOND CAUSE OF ACTION FOR DISCRIMINATION BASED ON DISABILITY IN**

**VIOLATION OF THE FEHA [Gov't Code §12940(a)]**

(Against All Defendants, and DOES 1 through 25, inclusive)

45.     Plaintiff alleges and incorporates herein by reference Paragraphs 1 through 34 above, as though fully set forth in this cause of action.

46.     At all times relevant for purposes of this Complaint, the California Fair Employment and Housing Act ("FEHA") was in full force and effect and binding on Defendants. Under *Government Code* section 12940(a), the FEHA makes it unlawful for an employer, on the basis of disability, whether actual or perceived, "to discharge the person from employment" or "to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

47.     As set forth above, Defendants discriminated against Plaintiff based on her medical condition and disability, whether actual or perceived, in violation of the FEHA.

48.     As outlined above, shortly after Plaintiff disclosed her medical condition to Equinox, she was harassed, discriminated against and retaliated against.

49.     Defendants were aware of Plaintiff's disabilities. In or around June 2019, Plaintiff

communicated her concerns relating to retaliation and discrimination by Equinox.  Plaintiff also informed Human Resources about her concerns relating to differential treatment.

50.     Defendant was attempting to "manage out" Plaintiff due her medical condition and disability.

51.     Moreover, during Plaintiff's employment, Plaintiff was performing competently in the position she held.

52.     As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of wages and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code* sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

53.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and mental and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

54.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under *Government Code* section 12965(b) and/or any other provision of law providing for attorneys' fees and costs.

///

///

///

///

# VI.

## THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE FEHA [Cal. Gov't Code §12940(m)]

(Against all Defendants, and Does 1 through 25, inclusive)

55.     Plaintiff alleges and incorporates herein by reference Paragraphs 1 through 34 above, as though fully set forth in this cause of action.

56.     Government Code Section 12940(m) makes it an unlawful employment practice for an employer to fail to make reasonable accommodations for a known physical or mental disability of an employee.

57.     A reasonable accommodation includes providing the employee accrued paid leave or additional unpaid leave for treatment. *Schmidt v. Safeway, Inc.*, 864 F.Supp. 991 (D.Or. 1994). In addition, "[H]olding a job open for a disabled employee who needs time to recuperate or heal is in itself a form of reasonable accommodation and may be all that is required where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future." *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 263 (2000).

58.     An employer has an *affirmative duty* to make reasonable accommodation(s) for the disability of any employee if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship. 2 Cal. C. Regs. §11068(a). (Emphasis added). Once an employer knows of the employee's disability, the employer has a duty to provide reasonable accommodations. *Bagatti v. Dept. of Rehabilitation* (2002) 97 Cal. App. 4th 344, 362.

59.     In or around February 2019, Plaintiff suffered a miscarriage and she experienced depression. Management at Equinox observed Plaintiff crying on numerous occasions and knew that Plaintiff had suffered a miscarriage. However, Equinox did not engage in an interactive process with her or offer a reasonable accommodation, including any time off or a leave of absence from work. To the contrary, Plaintiff started to get "managed out."

60.     On or about July 22, 2019, Plaintiff suffered a second miscarriage. She notified Mr. Aghajani and Maureen Rounds about her miscarriage. However, once again, Equinox did not offer

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

– 9 –

Plaintiff any time off or a leave of absence from work.

61.     As a proximate result of Defendants' conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

62.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, depression, mental anguish, and emotional distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and mental and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

63.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965 (b) and/or any other provision of law providing for attorney's fees and costs.

64.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendant acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendant, and each of them.

**VII.**

**FOURTH CAUSE OF ACTION FOR FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA [Cal. Gov't Code §12940(n)]**

(Against all Defendants, and Does 1 through 25, inclusive)

65.     Plaintiff alleges and incorporates herein by reference Paragraphs 1 through 34 above,

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

as though fully set forth in this cause of action.

66.     Under the FEHA, it is an unlawful employment practice to "fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for a reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."  *Gov't Code* §12940(n).

67.     Under case law, the employer must initiate the process if the disability is known or apparent.  "[A]n employer who knows of the disability of an employee has an *affirmative duty* to make known to the employee other suitable job opportunities with the employer and to determine whether the employee is interested in, and qualified for, those positions, if the employer can do so without undue hardship or if the employer offers similar assistance or benefit to other disabled or nondisabled employees or has a policy of offering such assistance or benefit to any other employees."  *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 950-51 (1997) (Emphasis added).

68.     In or around February 2019, Plaintiff suffered a miscarriage and she experienced depression.  Management at Equinox observed Plaintiff crying on numerous occasions and knew that Plaintiff had suffered a miscarriage.  However, Equinox did not engage in an interactive process with her or offer a reasonable accommodation, including any time off or a leave of absence from work.  To the contrary, Plaintiff started to get "managed out."

69.     On or about July 22, 2019, Plaintiff suffered a second miscarriage.  She notified Mr. Aghajani and Maureen Rounds about her miscarriage.  However, once again, Equinox did not offer Plaintiff any time off or a leave of absence from work.

70.     As outlined above, Defendants failed to consider ways in which Plaintiff's disabilities could be accommodated, and they failed to engage in a timely, good faith, interactive process with her.  Instead, Defendants retaliated and discriminated against Plaintiff, as set forth above.

71.     As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

subject to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code* sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

72.    As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and/or continues to suffer emotional distress and ongoing economic hardship. Plaintiff will likely incur medical expenses for treatment by healthcare professionals and for other incidental medical expenses.  Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

73.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under *Government Code* section 12965(b) and/or any other provision of law providing for attorneys' fees and costs.

74.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

**VIII.**

**FIFTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF FEHA [Cal. Gov't Code §12940(h)]**

(Against all Defendants, and Does 1 through 25, inclusive)

75.    Plaintiff alleges and incorporates herein by reference Paragraphs 1 through 34 above, as though fully set forth in this cause of action.

76.    It is an unlawful employment practice to discharge, expel, or otherwise discriminate against any person because the person has engaged in protected activity under Government Code §12940.  [Cal. Gov't Code §12940(h)].

77.    As a result of engaging in protected activity, Plaintiff suffered adverse employment

actions by Defendants, as set forth above.

78.   In or around June 2019, Plaintiff spoke to Human Resources and Mr. Welbaum about her concerns relating to retaliation and discrimination by Equinox.  Plaintiff also informed Human Resources about her concerns relating to differential treatment.

79.   There is a causal link between Plaintiff's protected activity and the adverse employment actions taken against her due to Defendants' knowledge of Plaintiff's protected activity, the proximity of time between said protected activities and the retaliatory employment actions, and the pattern of Defendants' conduct.

80.   Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

81.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

82.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and mental and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

83.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965(b) and/or any other provision of law providing for attorney's fees and costs.

84.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendant.

## IX.

## SIXTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF FEHA [Cal. Gov't Code §12940(m)(2)]

(Against all Defendants, and Does 1 through 25, inclusive)

85.     Plaintiff alleges and incorporates herein by reference Paragraphs 1 through 34 above, as though fully set forth in this cause of action.

86.     Under Government Code §12940(m)(2), it is unlawful for an employer to retaliate against a person for requesting accommodations for his or her disability.

87.     As set forth above a result of engaging in protected activity, Plaintiff suffered adverse employment actions by Defendants, as set forth above.

88.     From in or around August 2018 to in or around September 2018, Plaintiff was on a medical leave of absence from work due to her Multiple Sclerosis diagnosis.  After Plaintiff disclosed her Multiple Sclerosis diagnosis to Defendant and requested accommodations (i.e., taking leave from work), Plaintiff began experiencing harassment, discrimination, and retaliation.

89.     There is a causal link between Plaintiff's protected activity and the adverse employment actions taken against her due to Defendants' knowledge of Plaintiff's protected activity, the proximity of time between said protected activities and the retaliatory employment actions, and the pattern of Defendants' conduct.

90.     Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

91.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

92.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and mental and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

93.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965(b) and/or any other provision of law providing for attorney's fees and costs.

94.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendant.

# X.

## SEVENTH CAUSE OF ACTION FOR FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA [Cal. Gov't Code §12940(k)]

(Against all Defendants, and Does 1 through 25, inclusive)

95.     Plaintiff alleges and incorporates herein by reference Paragraphs 1 through 34 above, as though fully set forth in this cause of action.

96.     At all times herein mentioned, the California Fair Employment and Housing Act ("FEHA"), Gov't Code § 12900, et seq., was in full force and effect and binding on Defendants.  The

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

FEHA requires Defendants, among other things, "to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov't Code §12940(k).

97.     In perpetrating the above-described acts and failures to act, Defendants and their agents violated these provisions by failing to take all reasonable steps necessary to prevent such discrimination based on disability from occurring.  In violation of Gov't Code § 12940(k), these acts and failures to act include, but are not limited to, the following:

(a)     Defendants have no policies and/or have had ineffective policies, practices, and procedures regarding Defendants' obligations to refrain from discrimination on the basis of disability and pregnancy/sex.

(b)     Defendants have no policies and/or have had ineffective policies, practices, and procedures regarding the handling of complaints of such discrimination or retaliation;

(c)     Defendants failed to adopt and/or enforce reasonable and effective practices, policies, and procedures regarding the handling of complaints of discrimination or retaliation;

(d)     Defendants failed to take any and/or took inappropriate or ineffective action to investigate complaints by Plaintiff and/or others of discrimination or retaliation; and

(e)     Defendants failed to implement whatever policies, practices, and/or procedures regarding the foregoing were in existence in an effective manner, or at all.

98.     During the entire relevant period, Defendants failed to take all reasonable steps to prevent discrimination or retaliation, and such discrimination was condoned, encouraged, tolerated, sanctioned, and ratified.

99.     During the entire relevant period, Defendants failed to provide any and/or adequate training, education, and/or information to their personnel, and most particularly to management and supervisory personnel with regard to policies and procedures regarding discrimination or retaliation on the basis of disability.

100.     During the entire relevant period, Defendants failed to take reasonable steps to prevent

discrimination from being inflicted against Plaintiff, resulting in Plaintiff being constructively terminated.

101.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer emotional distress.  Plaintiff has suffered and will continue to suffer loss of earnings, and other employment benefits and job opportunities.  Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial as well as punitive damages.

102.   Plaintiff has incurred and continues to incur attorney fees and legal expenses in an amount to be proven.

## XI.

## EIGHTH CAUSE OF ACTION FOR CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

(Against all Defendants, and Does 1 through 25, inclusive)

103.   Plaintiff alleges and incorporates herein by reference Paragraphs 1 through 34 above, as though fully set forth in this cause of action.

104.   Government Code §12920 declares that it is the public policy of California that "it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."

105.   As set forth above, Defendants constructively terminated Plaintiff in violation of fundamental and substantive public policies.

106.   Equinox failed to provide Plaintiff with a reasonable accommodation, and it failed to conduct a reasonable investigation of the retaliation and discrimination complained of by Plaintiff. Instead, Equinox "managed out" Plaintiff.  Equinox engaged in a retaliatory campaign which included, but was not limited to, unwarranted write ups, discriminatory comments, false accusations, suspension from work, all of which caused Plaintiff further emotional distress and placed Plaintiff's job in jeopardy.  All the while, Equinox was aware of Plaintiff's diagnosis of Multiple Sclerosis and two miscarriages in a relatively short time span.  Equinox's conduct also prevented Plaintiff from

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

advancing in her career at Equinox. Thus, Plaintiff believes that the working conditions were unusually aggravated such that it was intolerable to continue working in the environment where she may be further subjected to discrimination and retaliation.

107. Plaintiff was therefore constructively discharged from Equinox and as such suffered social humiliation, emotional pain, mental pain and anguish.

108. Plaintiff's constructive discharge was in violation of fundamental public policies of the State of California as set forth above.

109. As a proximate result of Defendants' conduct, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code* sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

110. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer physical injuries, pain and suffering, and emotional distress and anguish. Plaintiff will likely incur medical expenses for treatment by physicians, counselors and other healthcare professionals, and for other incidental medical expenses.

111. Plaintiff is informed and believes and thereon alleges that she will continue to experience pain and mental and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

112. Plaintiff has suffered and will continue to suffer a loss of earnings, and other employment benefits and job opportunities. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

113. The conduct of Defendants, and each of them, and their agents and employees as described herein, was malicious, fraudulent, and oppressive, and done with a willful and conscious disregard for Plaintiff's rights.

114. The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious,

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.  For all actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, together with prejudgment interest, according to proof;

2.  For compensatory and general damages in an amount according to proof;

3.  For Attorney's fees;

4.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

5.  For punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct for all causes of action in which such damages are recoverable, pursuant to Civil Code §3294 and all other applicable statutes;

6.  Costs of suit; and

7.  Such other and further relief as the Court deems proper.

Dated: November 19, 2020

THE LAW OFFICE OF OMID NOSRATI

By: /s/ *Omid Nosrati*
OMID NOSRATI
Attorney for Plaintiff,
MARJORIE SAINT HUBERT

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a jury trial as provided by §631 of the California Code of Civil

3 Procedure.

4

5 Dated: November 19, 2020

6              THE LAW OFFICE OF OMID NOSRATI

7         By: /s/ *Omid Nosrati*

8          OMID NOSRATI
            Attorney for Plaintiff,
9          MARJORIE SAINT HUBERT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, SUITE 840, L.A., CA 90067

COMPLAINT

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 13, 2019

Omid Nosrati, Esq.
1801 Century Park East, Ste. 840
Los Angeles, California 90067

RE:   **Notice to Complainant's Attorney**
     DFEH Matter Number: 201912-08580813
     Right to Sue: Saint Hubert / EQUINOX HOLDINGS, INC.

Dear Omid Nosrati, Esq.:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 13, 2019

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 201912-08580813
        Right to Sue: Saint Hubert / EQUINOX HOLDINGS, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 13, 2019

Marjorie Saint Hubert
16046 Wyandotte #9
Van Nuys, California 91406

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201912-08580813
        Right to Sue: Saint Hubert / EQUINOX HOLDINGS, INC.

Dear Marjorie Saint Hubert,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 13, 2019 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Marjorie Saint Hubert                                    DFEH No. 201912-08580813

Complainant,

vs.

EQUINOX HOLDINGS, INC.
895 BROADWAY, 3RD FLOOR
NEW YORK, New York 10003

Respondents

_____

1. Respondent **EQUINOX HOLDINGS, INC.**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Marjorie Saint Hubert**, resides in the City of **Van Nuys** State of **California.**

3. Complainant alleges that on or about **September 9, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), pregnancy, childbirth, breast feeding, and/or related medical conditions.

**Complainant was discriminated against** because of complainant's sex/gender, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), other, pregnancy, childbirth, breast feeding, and/or related medical conditions and as a result of the discrimination was forced to quit, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

-1-
*Complaint – DFEH No. 201912-08580813*

Date Filed: December 13, 2019

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was forced to quit, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Additional Complaint Details:** I was employed by EQUINOX HOLDINGS, INC ("Equinox") in the position of Membership Advisor.  My job at Equinox was a full-time position with benefits.

In or around July 2018, I began experiencing medical complications, and I was hospitalized several times.  Shortly thereafter, I was diagnosed with Multiple Sclerosis.

From in or around July 2018 to in or around September 2018, I was on a medical leave of absence due to my Multiple Sclerosis diagnosis.

On or about October 2, 2018, I returned to work at the Equinox location located in Encino, California.  On the same date, I informed Nathan Cook ("Mr. Cook"), the Regional Director at Equinox, and Ariga Aghajani, the Regional Sales Manager at Equinox, that I was diagnosed with Multiple Sclerosis and that I needed to start a family soon because of my diagnosis.

Following the disclosure to Equinox about my Multiple Sclerosis diagnosis and my intention to get pregnant and start a family, I began experiencing harassment, discrimination, and retaliation.

In or around December 2018, Monique Pensanti, a General Manager at Equinox, and Camille Chiodo, a Membership Advisor, informed me that the management team at one of the Equinox's fitness clubs was waiting to fire a Membership Adviser because the Membership Adviser was pregnant.

On or about December 19, 2018, Victor Frist, a Regional Sales Manager at Equinox, informed me that he was aware that my husband and I were attempting to conceive a child and that I should freeze my eggs or hire a surrogate to carry a child for me.

In or around January 2019, I became pregnant, and I informed Equinox of this fact. In response to my pregnancy, Mr. Cook asked me, "is this a good thing?" or words to that effect.

In or around February 2019, I suffered a miscarriage and was experiencing depression.  Management observed me crying on numerous occasions and knew that I had suffered a miscarriage. However, Equinox did not engage in an interactive process with me or offer a reasonable accommodation, including any time off or a leave of absence from work.

On or about June 3, 2019, Mr. Cook and Chris Welbaum ("Mr. Welbaum"), the General Manager of Equinox, attempted to write me up.  I believe this write up was retaliatory and a pretext for discriminating against me due to my medical condition and pregnancy.

Date Filed: December 13, 2019

On or about June 13, 2019, I found out that I was pregnant again, and I informed Kris Vangelisti, the Sales Manager at Equinox, of this fact.

In or around June 2019, I complained to HR about discrimination by Equinox. I complained that I was experiencing differential treatment. Afterwards, I also made a complaint directly to Mr. Welbaum.

On or about July 22, 2019, I suffered a second miscarriage, and I informed Ariga Aghajani and Maureen Rounds of this fact.

On or about September 2, 2019, I was suspended for three days. I believe this suspension was a pretext for discriminating and retaliating against me due to my medical condition and pregnancy and for making a complaint to HR and Mr. Welbaum.

On or about September 9, 2019, I felt forced to resign from my position due to the working conditions at Equinox. I believe I was retaliated and discriminated against by Equinox due to my pregnancy, medical condition/disability, taking medical leave and for complaining about discrimination.

-3-
*Complaint – DFEH No. 201912-08580813*

Date Filed: December 13, 2019

VERIFICATION

I, **Marjorie Saint Hubert**, am the **Complainant** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 13, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                                            **Van Nuys**

*Complaint – DFEH No. 201912-08580813*

Date Filed: December 13, 2019

EXHIBIT B

1  Thomas G. Mackey (SBN 174572)
   Ariana Sanudo (SBN 324361)
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California  90017-5408
   Telephone:  (213) 689-0404
4  Facsimile:  (213) 689-0430
   mackeyt@jacksonlewis.com
5  ariana.sanudo@jackosnlewis.com

6  Attorneys for Defendant
   EQUINOX HOLDINGS, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10              CENTRAL DISTRICT, UNLIMITED JURISDICTION

11  MARJORIE SAINT HUBERT, an individual,      CASE NO.  20STCV44484

12          Plaintiff,                         [*Assigned for All Purposes to the Hon. Maureen Duffy-Lewis, Department 38*]

13      vs.

14  EQUINOX HOLDINGS, INC., a Foreign          **DEFENDANT EQUINOX HOLDINGS, INC.'S**
    Corporation, and DOES 1 through 25, inclusive,  **ANSWER TO PLAINTIFF'S UNVERIFIED**
15                                              **COMPLAINT FOR DAMAGES**
            Defendants.
16

17                                             Complaint Filed: November 19, 2020

18

19

20

21      Defendant EQUINOX HOLDINGS, INC. ("Defendant") answers the unverified complaint filed

22  by Plaintiff MARJORIE SAINT HUBERT ("Plaintiff") as follows:

23                              **GENERAL DENIAL**

24      Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and

25  specifically, each and every allegation contained in the Complaint and denies that Plaintiff has suffered

26  any injury or been damaged in any sum whatsoever.

27  ///

28  ///

                                          1
              DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER
              TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

2. To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity provisions under the California Workers' Compensation Act, Labor Code § 3200, *et seq*.

### THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

3. The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure § 335.1 and California Government Code §§ 12960 and 12965.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

4. The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to exhaust mandatory administrative remedies including, but not limited to, the California Fair Employment Housing Act.

### FIFTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

5. The Complaint, and each purported cause of action alleged therein, is barred by the doctrines of laches, estoppel, waiver, consent and unclean hands.

///

///

DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

**SIXTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Justification)**

6.      Plaintiff's Complaint, and each purported cause of action therein, is barred because, even if a discriminatory reason had been a motivating factor in any employment decisions toward Plaintiff (which Defendant expressly denies), Defendant would have made the same employment decision toward Plaintiff for separate legitimate, non-discriminatory and non-retaliatory business reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

7.      Plaintiff's claim that Defendant failed to reasonably accommodate an alleged disability is barred because Plaintiff could not be reasonably accommodated due to undue hardship, job-related reasons and/or business necessities.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

8.      Although Defendant denies it committed or has responsibility for any act that could support the recovery of damages in this lawsuit, to the extent Plaintiff alleges violations of the California Fair Employment Housing Act, which alleged violations Defendant denies, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine.  Defendant took reasonable steps to prevent and correct workplace discrimination, Plaintiff unreasonably failed to utilize such available preventive and corrective measures and reasonable use of such preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered.  *See State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

9.      Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

**(Offset)**

10.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

3

must be offset by any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

11.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 128.7 and California Government Code § 12965 upon judgment thereon in Defendant's favor.


**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing herein;

2.     That the action be dismissed in its entirety and/or judgment be entered in Defendant's favor against Plaintiff;

3.     That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.     For reasonable attorneys' fees pursuant to California Government Code § 12965;

5.     For costs of suit herein; and

6.     For such other and further relief as the Court may deem just and proper.


Dated:  December 21, 2020                        JACKSON LEWIS P.C.



                                                  By:_____
                                                      Thomas G. Mackey
                                                      Ariana Sanudo

                                                      Attorneys for Defendant
                                                      EQUINOX HOLDINGS, INC.

DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:**      **MARJORIE SAINT HUBERT v. EQUINOX HOLDINGS, INC.**

**CASE NUMBER:**    **20STCV44484**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On December 21, 2020, I served the documents described as:

**DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

Omid Nosrati, Esq.
Shahran Kangavari, Esq.
THE LAW OFFICE OF OMID NOSRATI
1801 Century Park East, Suite 840
Los Angeles, California 90067
Telephone: (310) 553-5630
Facsimile: (310) 553-5691
omid@nosratilaw.com
shahran@nosratilaw.com

Attorneys for Plaintiff
MARJORIE SAINT HUBERT

**[X]**      **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address Klodya.Casas@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[XX]**    **STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 21, at Los Angeles, California.

_Kcasas_

_____
Klodya Casas

4840-3949-7684, v. 1

DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES