**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARJORIE SAINT HUBERT, an individual,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>EQUINOX HOLDINGS, INC., a Foreign corporation,<br><br>    Defendant-Appellee. | No. 22-55363<br><br>D.C. No.<br>2:20-cv-11559-RGK-JEM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 10, 2023
Pasadena, California

Before: SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

  Plaintiff-Appellant Marjorie Saint Hubert appeals after a three-day trial where the jury returned a total defense verdict for Defendant-Appellee Equinox. In this employment discrimination case, Hubert alleges that the district court abused its discretion in three ways: by excluding the alleged me too testimony of two

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

former Equinox employees, by placing a time limit on the trial, and by sua sponte making changes to the verdict form. Because the district court did not abuse its discretion, we affirm.

1. When we review errors in a civil trial, "[we] need only find that the jury's verdict is more probably than not untainted by the error" to affirm. *Haddad v. Lockheed California Corp.*, 720 F.2d 1454, 1459 (9th Cir. 1983). District courts have wide discretion in assessing the admissibility of evidence under the Federal Rules. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). The Appellant's failure to fully present both the evidence proffered to the district court and the procedural history of the in limine motion has made it difficult for us to fully review this issue. But the argument fails on the merits insofar as we can determine it.

As a general matter, me too evidence is not per se admissible. *See id*. Here, we are satisfied the district court evaluated the proposed testimony of two former Equinox employees mid-trial and properly excluded their testimony under Fed. R. Evid. 403 after finding the proposed testimony had "nothing to do with this particular case" and involved only allegations of discrimination in separate cases. The court also noted that appellant was asking the jury to resolve three discrimination claims in one trial.

2. The imposition of a district court's time limit at trial and the formulation of a verdict form are reviewed for abuse of discretion. *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) (time limit); *United States v. Stinson*, 647 F.3d 1196, 1218 (9th Cir. 2011) (verdict form). Unpreserved objections to a verdict form can be reviewed for plain error if the error affects substantial rights. Fed. R. Civ. P. 51(d)(2).

The district court did not abuse its discretion when it set a 3.5-hour time limit per side for trial because the district court was "fair and balanced in allocating the reasonably available time to all parties." *Navellier*, 262 F.3d at 942. The district court adjusted the time limit upward when Hubert requested it on the first day of trial, the time limit was fairly applied to both parties, and Hubert had forty minutes remaining after the presentation of her case-in-chief.

Finally, Hubert failed to preserve her objection to the revision to the verdict form because she did not object to the district court's version of the verdict form on the record at trial—an objection is deemed waived if it is not in the record. *Ayuyu v. Tagabuel*, 284 F.3d 1023, 1026 (9th Cir. 2002). Hubert also fails to show that the verdict form impacted her substantial rights. We agree with Appellant that district courts should endeavor to provide counsel with an opportunity to review any changes the court may have made to the verdict form before the jury begins its deliberations. Counsel did review the revisions prior to return of the verdict, which

4

is not ideal. But Appellant made no objection at that time, and we see no plain error here.

**AFFIRMED.**